## No. 591

### C. & O. R. R. CO. v. PITT. STEEL CO.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2770. Decided Mar. 8, 1926

1255. WARRANTY—When there are no express words of warranty in a contract the acceptance by the vendee of the goods waives any right of action which he may have for defective goods.

This action was brought in the court by the Foundry Co. to recover money on account for steel frames which they had delivered to the R. R. Co. It appears under the orders given, 738 steel frames were made and delivered by the Foundry Co., and 339 were rejected by the R. R. Co. as defective; the balance due was on these alleged defective frames and the R. R. refused payment. The jury in the court below found for the Foundry Co. and error is prosecuted here by the R. R. Co.

The order received by the Foundry Co. for the frames from the R. R. Co. contained among other instructions that the frames should be passed upon by the R. R. Co. inspectors, all of the frames were passed upon by the R. R. inspectors as all right.

The R. R. contended below and contends here that under the contract there was an express warranty of quality, and that this warranty survived their inspection acceptance.

The Foundry Co. contends that there was no question of warranty, that the contract provided how they should be made and inspected and when they had made the castings and they had passed inspection and been delivered, it had completed its part of the contract.

The Court of Appeals held:

1. Where goods are made according to specifications furnished by the buyer, no express warranty survives inspection and acceptance.

2. "By an executory contract for sale and delivery of chattels of described grade and quality, the seller becomes bound to deliver goods of character described but in the absence of express terms of warranty no obligation is imposed upon him which survives the acceptance". 70 OS. 16.

3. Our conclusions are that there was no express warranty and therefore there was no obligation upon the Foundry Co. which survived the acceptance by the R. R. Co.

Attorneys—Galvin and Tracy for the C. & O. R. R. Co.; and DeCamp, Sutphin & Brunleve, and J. M. Stoner & Sons for Pitt. Steel Co.; all of Cincinnati.

## No. 592

### WRAE v. STATE

Ohio Appeals, 3rd Dist., Allen Co.

No. 444. Decided Jan. 16, 1926

480. EVIDENCE—It is erroneous to introduce evidence of the commission of other crimes that have no connection with the case at bar; 104 OS. 298 distinguished.

HUGHES, J.

The defendant was convicted of committing sodomy with Gerald Rink.

During the trial the state brought in several young men who testified over the objection of Wrae that he had committed, and attempted to commit sodomy with them. The state also presented a written confession, claimed to have been made by Wrae, acknowledging similar crimes, committed prior to the crime before the court.

Both claims of error are decided on the same principles of evidence.

It is the position of the state that this case comes under 104 OS. 298, and the evidence was admitted only to prove Wrae was a sexual pervert, and to identify him as such.

The Court of Appeals held:

1. In 104 OS. 298, the defendant was accused of sodomy with a little girl and the defendant denied the commission of the crime complained of and the evidence admitted was to prove his identity and not to prove he was a sexual pervert.

2. In the case at bar there is no evidence supporting any connection of the crimes testified to with the present crimes complained of.

3. In allowing such evidence to be admitted a court must be careful because similar crimes would tend to confuse the jury with the case at bar, and so turn their minds so as to prejudice them against the accused.

4. If a jury were so prejudiced they would decide the case at bar not on its merits, but on the commission of acts having no connection with the case.

5. It is also manifestly unjust to accuse a man of other crimes unconnected with the case at bar, as he would have no time or chance to prepare a defense.

6. Therefore this case is easily distinguished from 104 OS. 298, and the judgment of the lower court will be reversed.

Attorneys—for Wrae, A. M. Rodgers; for the State, C. M. Long; both of Lima.